IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JON MILLS,
ADC #86911                                                                                    PLAINTIFF

v.                                         5:05CV00304BSM/HLJ

DAVID WHITE, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE ##131, 134). Plaintiff filed responses to defendants' motions (DE ##147, 150), and the medical defendants filed a reply to his response (DE #153).

Plaintiff, a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging defendant Matthews filed a false disciplinary charge against him, defendant Bailey ordered improper strip searches, defendant Mobley failed to properly respond to grievances, and defendants Correctional Medical Services, Inc. (CMS)[1], and Drs. Roland Anderson and Larry Bowler, acted with deliberate indifference to his serious medical needs. Plaintiff asks for monetary and injunctive relief.

According to plaintiff's original and amended complaints, he suffers from a myriad of ailments,

---

[1] CMS contracts with the ADC to provide medical care and treatment to state prison inmates.

including back pain and problems, stomach problems associated with gastric by-pass surgery, occasional chest pains, and skin problems. Plaintiff alleges defendant Bowler failed to properly treat his medical problems, that defendant Anderson improperly removed two of his skin medications from the approved list of medications, and that CMS failed to properly order medications in a timely manner. In addition, plaintiff alleges defendant Matthews filed a false disciplinary charge against him on September 28, 2006, and that he was convicted without any evidence and sentenced to punitive isolation. While no specific allegations against defendant Mobley are included in his complaints, he alleges in his deposition that defendant denied grievances he submitted, and also was responsible for the hiring of CMS as the medical provider for the ADC. Finally, plaintiff alleges that he is subjected to strip searches, without reasonable suspicion, at least once a week when attending yard call, and that such searches are at the direction of defendant Bailey.

## II. Summary Judgment Motions

### A. ADC Defendants' Motion

Defendants Mobley, Matthews, and Bailey state plaintiff's complaint against them should be dismissed for the following reasons: 1) plaintiff failed to exhaust his administrative remedies with respect to his allegations against defendants Mobley and Matthews, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e; 2) plaintiff's allegation against defendant Mobley fails to support a constitutional claim, citing Rowe v. Norris, 198 Fed.Appx. 579, 580 (8th Cir. 2006); 3) plaintiff's allegation of filing a false disciplinary against defendant Matthews fails to state a claim, and plaintiff also admitted in his deposition that he was not alleging such conduct was retaliatory; 4) plaintiff's allegations against defendant Bailey are based on his supervisory position only, since he never personally searched plaintiff, and respondeat superior is not a proper basis on which to file a § 1983

claim. In addition, allegations that defendants failed to follow ADC policy when they failed to submit forms signed by plaintiff following his searches, fail to support a constitutional claim, citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).

B. Plaintiff's Response

Plaintiff states defendant Mobley violated his Eighth Amendment right and was deliberately indifferent to his serious medical needs when he denied the grievances plaintiff submitted. Although he admits he did not file a grievance against defendant Mobley, plaintiff states such a procedure would have been a "nullity". With respect to defendant Matthews, plaintiff also admits failing to complete the administrative remedy process against her prior to the filing of this lawsuit, and states that such requirement was an exercise in futility. Finally, plaintiff states there was no reasonableness to the strip searches without an individualized suspicion, that the required forms were not provided to the inmates for their signatures, and that an inmate should not be required to surrender total privacy while in prison.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in

order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.  In addition, in order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).

D.  Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."

Plaintiff admits he did not exhaust his administrative remedies with respect to his allegations

against defendants Mobley and Matthews. In addition, he does not claim that he attempted to exhaust, or that such remedies were unavailable. Rather, he claims the administrative remedy process is a "nullity" and to follow such procedures would have been "fruitless". It is clear to the Court, therefore, that plaintiff failed to abide by the PLRA requirements, and therefore, his allegations against defendants Mobley and Matthews should be dismissed for failure to exhaust.

With respect to plaintiff's allegations against defendant Bailey, the Court initially notes that plaintiff does not allege defendant personally strip-searched him or authorized the searches, but rather, that he should be liable for such as the supervisor. However, respondeat superior liability is not a proper theory of liability under § 1983. See Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997). In addition, any failure to properly abide by ADC policy requiring the completion of a form after such a search does not state a constitutional claim. See Kennedy v. Blankenship, supra.

According to the ADC Post Order #48, which covers inmate use of the Exercise Yard, inmates are to be strip-searched before they leave their cells and before leaving the yard to return to their cells. DE #131, Ex. 4. Defendants provide the affidavit of Deputy Warden Tommy James, who worked at the Maximum Security Unit for six years, who states such policy is a necessary safeguard given the possibility of an inmate procuring an item in the yard which is later used as a weapon. James also cited an incident which occurred in the past when an inmate was killed by an object brought into the prison from the yard by another inmate. James further states the policy is essential to prison security since it is not possible to assign a guard for each inmate during their time on the yard. A prison policy permitting visual body cavity searches and strip searches following inmates' exercise periods was upheld in Goff v. Nix, 803 F.2d 358 (8th Cir. 1986), rehearing and rehearing en banc denied January 15, 1987. In that case, the Court held that such searches did not violate the Fourth Amendment, and that the prison

administrator's decisions concerning such searches were entitled to deference, based on security concerns and the public's interest in safe and orderly prisons.

With respect to plaintiff's allegations against the three ADC employees – Mobley, Matthews, and Bailey – the Court finds no dispute of material fact and that these defendants are entitled to judgment as a matter of law.

### III.  Medical Defendants' Motion

#### A.  Defendants' Motion

Defendant Dr. Bowler states in an affidavit in support of his motion, that he has consistently treated plaintiff for various ailments, as evidenced by plaintiff's medical records (DE #134, Ex. D). Bowler also states he prescribed numerous medications for plaintiff and never refused to treat the plaintiff.  Defendant further states plaintiff's allegations against him concern a disagreement over the type of treatment rendered to the plaintiff, which does not support a constitutional claim.  Finally, defendant states plaintiff has provided no evidence that defendant ever acted maliciously toward him or with reckless disregard.  Defendant Anderson states  plaintiff's allegations against him – that he removed two products from the CMS formulary, which in turn aggravated plaintiff's dermatitis – do not support a constitutional claim.  Anderson states in his affidavit that he did not remove any items from the CMS formulary, which is a decision of the Pharmacy and Therapeutic Committee of CMS.  DE #134, Ex. D.  Furthermore, Anderson states he reviewed plaintiff's medical records and found he was treated on numerous occasions, and found nothing improper or out of the ordinary about the manner of medical care rendered to the plaintiff.  Finally, with respect to defendant CMS, defendants state CMS does not have § 1983 liability, since an entity can not be held liable solely for the acts or omissions of its subordinates.  In addition, defendants note plaintiff does not complain about an unconstitutional

policy or custom, but rather, that CMS employees failed to adequately act in conformance with policy in order to provide him with timely medications.

B.  Plaintiff's Response

In response, plaintiff states CMS failed to properly comply with the contract entered into with the ADC to provide for the complete pharmaceutical needs of inmates.  Plaintiff also complains defendant Bowler failed to comply with his requests for new shoes, a back brace and a cane, some items which eventually were provided to him by another physician.  Plaintiff also states defendant Anderson failed to properly perform his duties as a supervisor for the administration of medical services at the ADC under the terms of the contract with CMS.

C.  Standard of Review for Summary Judgment

See Section II (c).

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, supra.  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to

implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

It is clear from plaintiff's allegations and his responses to the motion, that his allegations against defendant Anderson are based solely on his supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983), and Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). In addition, plaintiff's allegations against defendant CMS should similarly be dismissed, because he does not allege it is responsible for implementing an unconstitutional policy or custom. Therefore, the Court finds as a matter of law that plaintiff fails to support an Eighth Amendment claim against these defendants.

In addition, plaintiff does not allege that defendant Bowler denied him treatment, failed to treat him, or acted recklessly and maliciously, which are elements of a deliberate indifference claim. Rather, he complains about the type of treatment he received, yet provides no medical evidence to support that he has been harmed by such treatment. Plaintiff's disagreement with defendant Bowler over his medical treatment does not rise to the level of a constitutional violation, and any allegations of delay in treatment also are unsupported by plaintiff's medical records and by a lack of evidence that such proved detrimental to his health. Finally, although plaintiff alleges discrepancies in his treatment, he cites no behavior to support a finding of deliberate indifference by defendants. In addition, he alleges no

medical proof of harm as a result of any delays in his treatment.

Therefore, the Court concludes that defendants' motions for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (DE ##131, 134) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

IT IS SO ORDERED this 27th day of August, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge