**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JON MILLS,                                                                        PLAINTIFF
ADC #86911

v.                                          5:05-cv-00304-BSM-JTK

DAVID WHITE, et al.                                                      DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motions for Disbursement of Funds and for

Extension of Time to Complete Discovery (Doc. Nos. 207, 209).  Defendant R. Bailey filed a

Response in Opposition (Doc. No. 210), and Plaintiff filed a Reply (Doc. No. 211).

In the Motion for Disbursement of Funds, Plaintiff asks the Court to approve the expenditure

of $700.00 for the purpose of obtaining an expert opinion on the Plaintiff's claim: whether regularly

conducting strip searches in the recreation area of the Maximum Security Unit is an accepted

practice to maintain security, or a violation of Plaintiff's fourth amendment rights.  Plaintiff also

asks for an extension of time of the discovery deadline in which to obtain the expert opinion.

Defendant Bailey objects to both Motions in his Response, stating that an expert opinion is

not necessary, because the legality of the search at issue is a legal issue to be determined by the

Court.  In support, Defendant cites cases holding that experts may not testify on issues of law.  See

e.g., Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st Cir. 1997), and Berry v. City of

Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994).  Plaintiff also cites Peterson v. City of Plymouth, 60

F.3d 469, 475 (8th Cir. 1995), where the court held the trial court erred by admitting expert

testimony as to whether a police officer acted "reasonably" in a fourth amendment context.

In Reply, Plaintiff disagrees, stating the issue involved is fact-intensive, and that an expert in correctional administration would be helpful in evaluating the Defendant's policies and procedures and comparing with correctional practices elsewhere.

The sole issue in this case is whether Defendant Bailey violated Plaintiff's fourth amendment right against unreasonable searches when he approved a search of Plaintiff in the prison yard as he returned to his cell in administrative segregation.  This Court originally granted summary judgment in favor of Defendants and dismissed this action (Doc. No. 160).  However, on appeal, the United States Court of Appeals for the Eighth Circuit reversed with respect to the claim against Defendant Bailey, and remanded "for further factual development as to the scope of the searches and how they were actually conducted." (Doc. No. 172, p. 3, February 5, 2010).  This Court finds that an expert is not necessary to that directive and that additional delay accompanying the appointment of an expert and extending discovery for his opinion also is not necessary.  Defendant Bailey's deposition was taken and Plaintiff's counsel toured the area of the Unit in question.  (See Doc. No. 210). Defendant also filed a Motion for Summary Judgment, to which Plaintiff should respond, without further delay.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motions for Disbursement of Funds and Extension of Time to Complete Discovery (Doc. Nos. 207, 209) are DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file a Response to Defendant's Motion for Summary Judgment (Doc. No. 212) within fifteen days of the date of this Order.

IT IS SO ORDERED this 15th day of June, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

2